FILED

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

97 SEP 29 AM 9: 41

U.S. DISTRICT COURT
N.D. OF ALABAMA

| | | |
|---|---|---|
| BETTY TAYLOR, Administratrix of the ESTATE OF ANDREW TAYLOR, Deceased, | } } } } | |
| Plaintiff, | } } | CASE NO. CV 97-B-0394-S |
| v. | } } } | |
| THE GUARDIAN LIFE INSURANCE COMPANY OF AMERICA, a corporation; EBSCO INDUSTRIES, INC., a corporation, et al., | } | |
| Defendants. | | |

ENTERED



SEP 29 1997

## MEMORANDUM OPINION

Before the court are the motions of defendants Guardian Life Insurance Company of America and EBSCO Industries, Inc., to dismiss or, in the alternative, for summary judgment. Upon consideration of the record, the submissions of the parties, the argument of counsel, and the relevant law, the court is of the opinion that defendants' motions to dismiss are due to be granted.

This case involves a dispute over the amount of life insurance benefits due to plaintiff, Betty Taylor, upon the death of her husband, Andrew Taylor. Plaintiff claims that defendants failed to honor her husband's employee benefits insurance plan. Defendants claim that they honored the terms of the plan and that under such terms, plaintiff is only entitled to the reduced benefits awarded. Defendants now move to dismiss plaintiff's claims.

17

## FACTUAL SUMMARY

Plaintiff's husband Andrew Taylor, now deceased, was hired as a janitor by defendant EBSCO Industries, Inc. in December of 1993. At that time, Mr. Taylor enrolled in EBSCO's employee benefits plan which included Basic Term Life and Accidental Death and Dismemberment Insurance. (Pl.'s Ex. B) EBSCO's employee benefits plan is administered by defendant Guardian Life Insurance Company of America.

Mr. Taylor died in March of 1996. (Pl.'s Ex. D at ¶ 9.) Subsequent to Mr. Taylor's death, his wife, Betty Taylor, took Mr. Taylor's death certificate to EBSCO in order to file a claim for benefits under her husband's basic term life insurance policy. (*Id.* at ¶ 10.) Upon learning that defendants did not intend to pay her $10,000.00 in benefits under the plan, Ms. Taylor hired a lawyer to help her get more benefits. (Pl.'s Ex. D at ¶ 13.)

At the time he was hired, Mr. Taylor was provided with a booklet entitled "Your Guardian Group Insurance Plan," which outlines the terms of the insurance benefits available to participating EBSCO employees. (Pl.'s Ex. A.) Page eight of this booklet contains a "Schedule of Insurance," listing under "Part 1" two types of insurance: Employee Basic Term Life and Employee Accidental Death and Dismemberment. (*Id.* at p.8.) After briefly listing the benefits available under these two types of insurance, the booklet contains language limiting the benefits available to certain classes of participants. (Id.) Defendants contend that this limiting language pertains to both Employee Basic Term Life and Employee Accidental Death and Dismemberment Insurance, effectively reducing Mr. Taylor's Basic Term Life Benefits to $1000.00. Plaintiff alleges that the limiting language applies only to the Employee Accidental Death and Dismemberment Insurance, and should not reduce Mr. Taylor's Basic

Term Life Insurance benefits. The design of Guardian's booklet arguably permits of both plaintiff's and defendants' interpretation.[1]

In April of 1996, Ms. Taylor's lawyer wrote to EBSCO, requesting benefits on plaintiff's behalf. (Pl.'s Ex. E.) Plaintiff then received a copy of a letter from Joel Grossman, Group Life Benefit Analyst for Guardian to Patrick Sisbarro, Assistant Vice President of EBSCO, explaining that Mr. Taylor's benefit was limited to $1000.00 under the terms of the plan and that plaintiff had the right under ERISA to have the benefits decision reviewed. (Pl.'s Ex. G.) In May 1996, plaintiff was sent a $1007.90 check from EBSCO, which plaintiff's attorney returned, maintaining that plaintiff was entitled to more benefits under the policy. (Pl.'s Ex. G and I.) In June, 1996, Guardian wrote to plaintiff's attorney, again stating that Mr. Taylor's benefits were limited to $1000.00 and that plaintiff could have this decision reviewed by administrative procedures described in the plan booklet. (Pl.'s Ex. J.) Plaintiff then filed this lawsuit.

## DISCUSSION

The Eleventh Circuit has established that "[P]laintiffs in ERISA actions must exhaust available administrative remedies before suing in federal court." *Counts v. American General Life and Accident Insurance Company*, 111 F.3d 105, 108 (11th Cir. 1997); *accord, Springer v. Wal-Mart Associates' Group Health Plan*, 908 F.2d 897, 899 (11th Cir. 1990); *Mason v. Continental Group, Inc.*, 763 F.2d 1219, 1225-1227 (11th Cir. 1985). In the current case, plaintiff and plaintiff's counsel were notified twice, in writing, that they had the right to have

---

[1] As stated to counsel at oral argument, the court finds defendants' interpretation of the plan more plausible than plaintiff's.

their claims reviewed by Guardian. (See Pl.'s Exs. G and J.) A provision in the Guardian Group Insurance Plan also explains that participants have the right to have their claims decisions reviewed. (Pl.'s Ex. A at p. 20.) Plaintiff's counsel's letters to defendants do request an award of benefits. (Pl.'s Ex. E and I.) However, plaintiff has not sought an administrative review of Guardian's decision to limit her benefits. Because plaintiff has failed to exhaust all administrative remedies in pursuing her claim, defendants' motions to dismiss are due to be granted.

Plaintiff argues that her attorney's letters to defendants are the substantial equivalent of the "exhaustion of administrative remedies" required under ERISA. Plaintiff relies on *McRae v. Seafarers' Welfare Plan*, 726 F. Supp. 817 (S.D. Ala. 1989), *rev'd on other grounds*, 920 F.2d 819 (11th Cir. 1991), in support of her argument that an attorney's letters requesting benefits may constitute an exhaustion of administrative remedies. However, *McRae* is factually distinct from this case. In *McRae*, the plaintiff never received any notice of the defendant's denial of their insurance coverage and plaintiff's letters to defendant were "absolutely ignored." *Id.* at 820. Here, plaintiff did receive notice that her claims were reduced under the plan and plaintiff's letters of protest were responded to promptly. Plaintiff was twice notified that she could request review of her decision. Plaintiff did not respond to such notification.

Plaintiff also argues that a request for review would be futile. However, plaintiff has not produced evidence sufficient to support this contention. In *Curry v. Contract Fab. Inc. Profit Sharing Plan*, 891 F.2d 842, 846-47 (11th Cir. 1990), the Eleventh Circuit found that the plaintiff's request for a review of his claim was futile where the defendant's plan

4

administrator in control of the available review procedures denied the claimant meaningful access to those procedures. In the current case, defendants have done nothing to suggest that a request for review would be futile. On the contrary, defendants have indicated to plaintiff in writing that she has the right to have her claim reviewed. Plaintiff has failed to request such review. Therefore, because plaintiff has failed to exhaust her administrative remedies, defendants' Motions to Dismiss are due to be granted.[2] An Order consistent with this Memorandum Opinion will be entered contemporaneously herewith.

**DONE** this 29th day of September, 1997.

*Sharon Lovelace Blackburn*
SHARON LOVELACE BLACKBURN
United States District Judge

---

[2] In granting defendants' motion to dismiss, the court does not rule on defendants' alternative motions for summary judgment.